IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRELL DEVON LEWIS, | : | Civil No. 1:22-CV-01933 |
| Petitioner, | : | |
| v. | : | |
| J.L. JAMISON, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Petitioner Tyrell Devon Lewis' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner is a federal inmate currently housed at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. His petition alleges a violation of due process in the course of a disciplinary proceeding that resulted in the loss of good time credits. (*Id.*) For the following reasons, the court will dismiss the petition and close the case.

### BACKGROUND AND PROCEDURAL HISTORY

On March 6, 2023, at approximately 10:30 a.m., Counselor Barsh was conducting a visual search on Petitioner with Officer Al Smith at FCI-Edgefield. (Doc. 10-1, p. 9.)[1] Counselor Barsh stated that he observed Petitioner trying to hide a plastic bag under his right foot. (*Id.*) Counselor Barsh stated that when he

---

[1] For the ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

asked Petitioner what was under his right foot, Petitioner immediately picked up the plastic bag, placed it in his mouth, and swallowed it. (*Id.*) Counselor Barsh stated that he ordered Petitioner to spit out the plastic bag, but Petitioner refused to follow the order. (*Id.*)

Petitioner states that he was then sent to the Special Housing Unit ("SHU") and placed in a dry cell. (Doc. 1, pp. 2–3.) He states that he was forced to defecate three times and no plastic was recovered. (*Id.*, p. 3.)

An incident report was filed alleging that Petitioner violated Section 115 "Destroy/Dispose Item- Search" and Section 307 "Refusing to Obey an Order." (Doc. 10-1, p. 9.) Petitioner was provided a copy of the incident report on March 7, 2022, at 9:00 a.m. (*Id.*, pp. 5, 9.) On that same date, Petitioner was advised of his rights, stated he understood them, and was read the body of the incident report. (*Id.*, p. 11.) Petitioner responded with "no comment." (*Id.*, pp. 10–11.) The incident report was then referred to the Discipline Hearing Office ("DHO"). (*Id.*) Petitioner also signed a statement of his rights on March 7, 2022. (*Id.*, p. 12.) Petitioner waived his rights to a staff representative and to call witnesses. (*Id.*, pp. 5, 14.)

A DHO Hearing was held on March 21, 2022. (*Id.*, p. 5.) Petitioner stated he was ready to proceed, and did not request a staff representative or a witness to assist in preparing for the hearing. (*Id.*, pp. 5, 12, 14.) He stated he understood his

rights and confirmed he received a copy of the incident report. (*Id.*) He denied the charges. (*Id.*) No witnesses were called for the hearing. (*Id.*, p. 6.) The only documentary evidence considered was "Officers written account and staff memo." (*Id.*) The DHO found that Petitioner had committed the prohibited act of destroying any item during a search under code 115. (*Id.*) Petitioner's sanction included the loss of 41 days of good time credit. (*Id.*, p. 7.) A DHO report was made on March 23, 2022, and delivered to Petitioner on April 4, 2022. (*Id.*, p. 8.)

On April 19, 2022, Petitioner filed an appeal alleging his innocence and asserting that his failure to pass the plastic in the dry cell was evidence of his innocence. (Doc. 1, p. 2; Doc. 1-1, p. 1.) After this appeal was denied, Petitioner appealed to the Central Office. (Doc. 1, p. 3; Doc. 1-1, p. 2.) This appeal was denied on September 7, 2022. (Doc. 1-1, p. 3.)

On December 1, 2022, Petitioner filed the instant § 2241 petition alleging a violation of due process throughout the DHO hearing and the March 23, 2022 misconduct decision. (Doc. 1.) Specifically, Petitioner alleges that the evidence included conflicting staff statements, that there was a lack of physical evidence, and that he was not allowed to cross-examine witnesses pursuant to the Sixth Amendment. (*Id.*)

On December 6, 2022, the court issued an administrative order directing Petitioner to pay the filing fee or file a signed application to proceed *in forma*

*pauperis*. (Doc. 3.) On January 10, 2023, the court entered an order dismissing the petition and closing the case for failing to comply with the December 6, 2022 administrative order. (Doc. 4.)

On January 23, 2023, the court received the required filing fee, reopened the case, and ordered the J.L. Jamison ("Respondent") to respond to the petition. (Docs. 5, 6.) The response was filed on February 23, 2023. (Doc. 10.) Petitioner filed a traverse on April 6, 2023. The petition is now ripe to be addressed by the court.

## DISCUSSION

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id*. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has properly identified a liberty interest in this matter.

In *Wolff*, the Supreme Court set forth the following minimum procedural due process rights to be afforded a prisoner accused of misconduct in prison which may

result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67. The Supreme Court has held that the standard of review regarding the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985); *see also Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the petitioner. *Hill*, 472 U.S. at 457.

The BOP has enacted specific procedures for disciplinary proceedings. 28 C.F.R. § 541.1, *et seq.* Under these procedures, a staff member charges a prisoner with committing a prohibited act by issuing an incident report. 28 C.F.R. § 541.5(a). The incident report ordinarily must be issued within 24 hours of the time the staff member became aware of the prisoner's involvement in the incident. *Id.* The incident is then investigated. *Id.* at § 541.5(b).

After the incident is investigated, the UDC reviews the incident report and takes one of the following actions: 1) finds that the prisoner committed the prohibited act charged and/or a similar prohibited act as reflected in the incident report; 2) finds that the prisoner did not commit the prohibited act charged; or 3) refers the incident report to the DHO for further review. *Id*. at § 541.7(a). Prohibited acts are separated into four categories based on severity: Greatest, High, Moderate, and Low. *Id*. at § 541.3(a). If a prisoner is charged with a prohibited act in the Greatest or High category, the UDC automatically refers the incident report to the DHO for further review. *Id*. at § 541.7(a)(4).

Under the regulations, when an incident report is referred to the DHO, a disciplinary hearing is conducted in accordance with the procedures set forth at 28 C.F.R. § 541.8. The prisoner is entitled to notice of the charges at least 24 hours before the hearing. *Id*. at § 541.8(c). The prisoner is entitled to appear at the hearing and is entitled to staff representation at the hearing. *Id*. at § 541.8(d) & (e). The prisoner is entitled to make a statement and to present documentary evidence. *Id*. at § 541.8(f). A prisoner may request to have witnesses appear at the hearing on his behalf, but the DHO may refuse to call requested witnesses if they are not reasonably available, if their presence would jeopardize institutional security, or if they would present repetitive evidence. *Id*. The DHO considers all evidence presented at the hearing. *Id*. The decision of the DHO must be based on at least

some facts and, if there is conflicting evidence, the decision must be based on the greater weight of the evidence. *Id*. Following the hearing, the DHO must provide a written report documenting that the prisoner was advised of his rights. *Id*. at § 541.8(h). The report must document the evidence relied upon by the DHO, the findings of the DHO, the sanctions imposed by the DHO, and the reasons of the DHO for imposing those sanctions. *Id*.

In the instant case it is clear from the record that Petitioner was afforded all the required procedural rights set forth in *Wolff*. He received written notice of the disciplinary charges at least twenty-four hours prior to the hearing. (Doc. 10-1, p. 9.) He appeared at the hearing and made a statement, in which he denied the allegations. (*Id*., p. 7.) He was also given the right to a staff representative and an opportunity to present witnesses and provide documentary evidence, and he chose not to do so. (*Id*., pp. 11–12, 14.) Additionally, Petitioner was given a written statement explaining the DHO's decision. (Doc. 1-1, p. 8.) *See Wolff*, 418 U.S. at 564-66.

In light of the court's determination that no violation of due process has occurred in the disciplinary proceedings, the court will now address his specific claims raised in the petition.

### A. Conflicting Staff Statements

Petitioner alleges that Counselor Barsh stated that Petitioner immediately picked up the plastic bag, placed it into his mouth, and swallowed it. (Doc. 1, p. 6.) Petitioner then states the following: "[i]f that's the case how are Officer Smith who is outside the cell with another inmate states that he seen me as well when the camera will clearly show he was not able to see such thing." (*Id*.)

Nothing in the DHO report states that the DHO relied upon the statements of Officer Smith. The DHO report states that the documentary evidence relied upon were "Officers written account and staff memo." (Doc. 10-1, p. 6.) The court acknowledges that this phrase is ambiguous. As written, it appears the author is referring to a single written account and staff memo by multiple officers. However, attached to the DHO report is a single written account and staff memo by a single officer, which reads as follows:

> On March 6, 2022 at approximately 10:30 AM, I Counselor C. Barsh a conducting visual search on inmate Lewis, Tyrell # 34968-057 in cell 430 along with Office AL. Smith who was outside the cell watching another inmate for me. While conducting the visual search on inmate Lewis, I observed him trying to hidden plastic bag under his right foot. . When I asked inmate Lewis what he had under his right foot , he immediately pick it up and placed the plastic bag into his mouth and swallow it. I called Office AL. Smith into the cell to assist in placing him in hand restraints. I then give inmate direct order to spit it back out, but he refused all orders to do so.

(Doc. 10-1, p. 9.) Therefore, the court surmises that the DHO failed to include the required apostrophe to demonstrate ownership. Petitioner's concern regarding the

8

DHO's reliance on Officer Smith's statement is the result of poor syntax on the part of the DHO. Grammatical errors are present throughout the documentary evidence and the DHO report. (Doc. 10-1.) While this leads to ambiguity, it does not rise to the level of a Fifth Amendment violation of due process.

### B. Lack of Physical Evidence

Petitioner next alleges that he was placed in a dry cell and forced to defecate three times. (Doc. 1, p. 7.) He alleges that despite this, no plastic bag was recovered. (*Id*.) He states that "this is documented in the prison SHU log book, and in the staff memo that should've been sent to DHO. During my hearing no physical evidence was provided." (*Id*.)

Petitioner had the right to call witnesses and to present documentary evidence on his behalf. (Doc. 10-1, p. 12.) He was advised of this right in writing on March 7, 2022, and declined to call any witnesses. (*Id*., pp. 12, 14.) Petitioner had the opportunity to call the staff members who kept the SHU log book as witnesses to address his assertions that no plastic bag was recovered. He did not. Therefore, there was no due process violation.

### C. Violation of Sixth Amendment

Plaintiff states that "[i]n this whole process the staff didn't allow me to have Counselor C. Bash, Officer AL Smith at my hearing. However, they just used they statements. If you look at my DHO report you only see Counselor C. Barsh

statement. How come all the statements and staff memo was not presented in my DHO report." (Doc. 1, p. 7.)

As addressed above, it appears that the DHO's poor syntax led to Petitioner's conclusion that multiple individuals made statements. Instead, it appears that only Counselor Bash made a written statement. Although it is possible that this § 2241 petition could have been avoided through the use of proper grammar rules, there is not a violation of due process. *See supra.*

## Conclusion

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus.

A separate order will be issued.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 27, 2023